IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| vs. | ) | Case Nos. | 2:98-cr-108-LSC-TMP |
| | ) | | 2:01-cv-8013-LSC-TMP |
| BAKARI MACKEY, | ) | | |
| | ) | | |
| Defendant/Movant. | | | |

**MEMORANDUM OPINION AND ORDER**

In an order dated December 1, 2005,[1] the United States Court of Appeals for the Eleventh Circuit remanded the above-styled cause for the limited purpose of allowing this court to reconsider its earlier denial of the movant's request for appeal in *forma pauperis* and for a certificate of appealability. In particular, the court of appeals has instructed this court to reconsider the denial in light of the Supreme Court's decision in Gonzalez v. Crosby, 545 U.S. ___, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). In denying the motion for reconsideration, a brief review of the history of the case is helpful.

Movant and several accomplices were charged in 1998 in an eight-count indictment with conspiracy to possess with intent to distribute more than fifty grams of "crack" cocaine (21 U.S.C. § 846) and actual possession with intent to distribute more than five grams of "crack" cocaine (21 U.S.C. § 841(a)). Movant was charged in count one for conspiracy and in counts three and five

---

[1] Although the order was entered by the court of appeals on December 1, 2005, with the express request that this court "act promptly" on the remand, this court did not become aware of the order until January 11, 2006, when a copy of it was faxed to the court. Before that date, neither this court nor the clerk of court has any record of receiving the order from the court of appeals. The delay in addressing this matter was due simply to the court's lack of awareness of the court of appeals' order.

for two separate instances of possession with intent to distribute more than five grams of "crack." The case was tried in 1999 before United States District Judge Edwin L. Nelson, resulting in movant being convicted on all three counts against him. He was later sentenced to 360 months' imprisonment, followed by 50 months' supervised release. While movant's appeal was pending, Judge Nelson recused himself from further participation in the case in a one-line order dated April 23, 1999. The order of recusal does not explain the reason or basis for recusal. The court of appeals later affirmed the convictions and sentence on March 21, 2000, and issued its mandate on June 8, 2000.

Movant filed his motion pursuant to 28 U.S.C. § 2255 seeking to set aside or vacate the convictions and sentence on March 21, 2001. A magistrate judge of this court filed his report and recommendation on April 16, 2002, recommending that the § 2255 motion to vacate be denied. Movant filed objections, and on May 21, 2002, Judge Nelson adopted the magistrate judge's report and recommendation and denied movant's § 2255 motion. (Doc. 273). On June 4, 2002, movant filed his notice of appeal with respect to the denial of § 2255 relief (Doc. 276), and on June 13, 2002, Judge Nelson granted an implied application for leave to appeal IFP, but denied a certificate of appealability. (Doc. 277). The court of appeals also denied the movant's application for a certificate of appealability in an order dated July 18, 2002, finding that movant had failed to make a substantial showing of the denial of a constitutional right.

All remained quiet for almost two years, until April 19, 2004, when movant filed a Rule 60(b)(4) motion for relief from Judge Nelson's order denying his original § 2255 motion. (Doc. 289). He argued that the order denying the § 2255 motion was void because Judge Nelson had earlier recused himself. By then, Judge Nelson had passed away and the case fell to the undersigned,

Judge Nelson's successor.  The court denied the Rule 60(b) motion on April 28, 2004.  (Doc. 290).  Movant then filed a motion on May 10, 2004, asking the court to modify and reconsider the April 28 denial of Rule 60(b) relief (Doc. 292), but while that motion was pending, he filed an *unsigned* notice of appeal on May 21, 2004.[2]  (Doc. 291).  The court denied the motion to modify and reconsider on June 3, 2004.  (Doc. 293).  On June 7, 2004, movant filed an *unsigned* application for leave to appeal *IFP* (Doc. 294), and on June 9, 2004, the court denied both that application as well as an application for certificate of appealability implied in the notice of appeal.  (Doc. 295).  Movant sought clarification and correction of that order on June 18 (Doc. 296), and that was denied on June 23, 2004.  (Doc. 297).  On September 1, 2004, the court of appeals also denied movant's application for a certificate of appealability, terminating his appeal.  (Doc. 299).  The United States Supreme Court vacated this order by the court of appeals and remanded for that court to reconsider movant's request to proceed *IFP* and for a certificate of appealability in light of its Gonzalez decision.  The court of appeals has now remanded the same question to this court.

      The question considered on Gonzalez was whether a Rule 60(b) motion attacking an order denying a § 2254 petition for writ of *habeas corpus* is properly treated as a barred successive § 2254 petition.  The Court concluded that a filing seeking to assert a claim for relief from the criminal judgment, even if denominated a Rule 60(b) motion, is a successive *habeas* petition, subject to the limitations of 28 U.S.C. § 2244.  However, a filing should be treated as a proper Rule 60(b) motion

---

[2] In its entirety, the notice of appeal reads:

> Comes now, Bakari Mackey, proceeding in proper person in the above-styled cause and respectfully gives his timely notice of Appeal [sic] pursuant to The Federal Rules of Civil Procedure, Rule 60(b)(4).

Neither the notice of appeal nor the certificate of service is signed.

3

if "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's ... conviction." Gonzalez v. Crosby, 545 U.S. ___, ___, 125 S. Ct. 2641, 162 L. Ed. 2d 480, 493 (2005).  Stated another way, a Rule 60(b) motion can be treated properly as such when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."

The confusion in the instant case arises from the fact that petitioner's Rule 60(b) motion attacks both the integrity of the proceedings leading to the denial of his § 2255 motion to vacate and argues anew the grounds for § 2255 relief denied by Judge Nelson on the merits.[3]  On the former, movant asserts that because Judge Nelson had previously recused himself from further participation in movant's case, his adoption of the magistrate judge's report and recommendation and denial of movant's § 2255 motion were void within the meaning of Rule 60(b)(4).  By its express language, the Gonzalez opinion states that a Rule 60(b) motion which asserts a "claim" must be treated as a second or successive petition for relief from the criminal judgment, apparently even if the motion also attacks the integrity of the proceedings leading to the earlier denial of relief.  This would seem to suggest that, even though movant has argued that Judge Nelson's participation in the denial of § 2255 renders that denial "void," his inclusion of additional arguments relating to the merits of his § 2255 claims makes this filing a barred "second or successive" § 2255 motion.  That being the case, the court denied the purported Rule 60(b) motion and denied movant's application for IFP and COA on appeal.

---

[3] There is no question that movant's § 2255 motion was resolved on the merits.  Judge Nelson adopted the magistrate judge's report and recommendation dated April 16, 2002 (Doc. 261), which addressed the merits of the claims asserted.

Assuming, alternatively, that the court is required to consider that portion of the Rule 60(b) motion attacking the participation of Judge Nelson in the denial of § 2255 relief, notwithstanding the re-assertion in it of "claims" substantively attacking the underlying conviction and sentence, the motion nonetheless was and is due to be denied.  First, the denial by Judge Nelson is not "void" within the meaning of Rule 60(b)(4).  Even assuming that there was some ground for recusal under 28 U.S.C. § 455(a), the order entered thereafter by the recused judge is not "void."  Liljeberg v. Health Service Acquisition Corp., 486 U.S. 847, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988), makes clear that there is a range of remedies available for violations of 28 U.S.C. § 455(a).[4]  Rule 60(b) relief is "neither categorically available nor categorically unavailable" for violations of § 455(a).  Id. at 864.  While vacating orders entered by a recused judge certainly is one possible remedy, the orders are not "void," and thus do not support relief under Rule 60(b)(4).  An erroneously entered order is a far cry from a "void" order.

Second, even if the order entered by Judge Nelson adopting the report and recommendation of the magistrate judge was void, the undersigned also has reviewed the report and recommendation and movant's objections to it, and has found the denial of § 2255 relief to be correct.  The court's denial of Rule 60(b) relief on April 28, 2004, was premised, at least in part, on this judge's own assessment and rejection of movant's substantive claims for § 2255 relief.  Cf. Ransom v. S & S

---

[4] While not entirely clear, it appears that movant argues pursuant to § 455(a) that Judge Nelson's impartiality could reasonably be questioned because he allegedly harbored racial bias against the movant.  There is no assertion that Judge Nelson had any financial or personal interest in the case against movant.  After trial and sentencing in 1999, movant filed a complaint with the "United States Judicial Commission" alleging judicial misconduct by Judge Nelson, which apparently prompted him to recuse.  There is no indication in the record concerning when or how that complaint was resolved; therefore, the court does not know whether the complaint was resolved before Judge Nelson's 2002 order denying movant's § 2255 motion.

Food Center, Inc. of Florida, 700 F.2d 670 (11th Cir. 1983), rehearing denied, 705 F.2d 471 (11th Cir. 1983), overruled on other grounds, Turner v. Beneficial Corp., 242 F.3d 1023 (11th Cir. 2001) (orders entered by recused judge but adopted by successor judge remained valid).  The court stands by that assessment today.  Stated clearly, even if Judge Nelson's denial of § 2255 relief was void because he had previously recused, in denying the Rule 60(b) motion, this judge also found that the magistrate judge's report and recommendation should be adopted and movant's § 2255 claims denied on the merits.  In short, movant's § 2255 claims failed to make a substantial showing of the denial of a constitutional right for all the reasons explained in the magistrate judge's report and recommendation.  For that reason, as well as the lack of merit in movant's Rule 60(b)(4) argument, movant's unsigned application for IFP and COA was and is denied

     Having now reconsidered the denial of movant's unsigned application for leave to appeal in *forma pauperis* and for a certificate of appeal in light of the Supreme Court's decision in Gonzalez, the court still reaches the conclusion that IFP and a COA should be and hereby are DENIED.

     Done this 19th day of January 2006.

                                                            L. SCOTT COOGLER
                                    UNITED STATES DISTRICT JUDGE
                                                124153